OPINION OF THE COURT
F. Warren Travers, J.
On February 25, 1989, petitioner was arrested on a misdemeanor charge of menacing. Petitioner was taken to jail and, while there, she was examined by two psychiatrists to determine her capacity to stand trial. Both psychiatrists reported that petitioner was unable to understand the charges against *980 her or assist in her defense. Granville Village Justice Frank Caruso dismissed the charges and on March 28, 1989 committed petitioner to the custody and care of the Commissioner of Mental Hygiene for a period not to exceed 90 days pursuant to CPL 730.40.
On April 10, 1989, petitioner obtained a writ of habeas corpus signed by Supreme Court Justice Paul E. Cheeseman returnable April 13, 1989 before Justice Edward S. Conway. A full evidentiary hearing was held on April 27, 1989 by Justice Daniel H. Prior, Jr. and he found that it was proved by clear and convincing evidence that petitioner, "is mentally ill and a danger to herself or others”.
Justice Prior by order dated May 4, 1989 denied the writ and directed that petitioner be retained. On May 23, 1989, petitioner obtained an order to show cause signed by Justice Prior returnable on May 25, 1989 before this Justice seeking a rehearing pursuant to Mental Hygiene Law § 9.35. The matter was adjourned with consent of counsel for submission of briefs. Final submission was received by the court on June 12, 1989.
The petition requests a rehearing solely upon the grounds that petitioner is dissatisfied with the decision of Justice Prior. Respondent moves to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]).
Petitioner asserts a denial of equal protection of the law. Petitioner asserts that a civil involuntary commitment to the custody of the Commissioner of Mental Hygiene provides a patient with an opportunity for a second hearing. The second hearing is on the facts before a different Judge. Petitioner asserts that the Criminal Procedure Law commitment does not provide for a second hearing by a different Judge. It is this right to a trial de novo in one situation and not in the other that is the claimed denial of equal protection.
The United States Constitution (14th Amend) and the New York State Constitution (art I, § 11) provide that no person shall be denied the equal protection of the laws. The purpose of those laws has been interpreted to require that similar situations be dealt with in a similar manner by the government. Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made (Baxstrom v Herold, 383 US 107; Matter of Buttonow, 23 NY2d 385, 392).
*981 Petitioner disregards the facts that she came into the custody of the Commissioner by means of the Criminal Procedure Law. Petitioner would have the court apply the procedure set forth in the Mental Hygiene Law. The Legislature has determined to provide one procedural method to persons who are charged with crimes and a different procedural method for civil involuntary patients to contest their confinement. Such classification is easily recognizable.
Petitioner argues that since the criminal charges are dismissed by law (CPL 730.40 [2]), she must thereby be in civil involuntary status. Such argument disregards the statutory authority authorizing confinement (CPL 730.40).
The standard by which a person charged with a crime may be confined involuntarily is less than that by which a person may be civilly confined. In the case of a criminal defendant, the standard is whether that defendant understands the charges against him or her or is able to assist in his or her defense. A civil involuntary commitment requires clear and convincing proof that a person has a mental illness and is a danger to self or others. It is this different standard that the court finds troublesome. A civilly confined patient has a statutory right (Mental Hygiene Law § 9.35) to a second hearing before a different Judge. This second hearing, rather than an appeal, is unusual in the law, but is nonetheless, the method prescribed by the Legislature.
A criminally confined patient, while originally confined by a lesser burden of proof, does have a chance for a new hearing. The hearing is brought on by a writ of habeas corpus. At that new hearing, the standard of proof applicable to retain a patient is identical to the civil involuntary patient. The lesser standard initially applied to the criminally confined patient presumably bestows a benefit to such person in that if charged with a misdemeanor, the charges must be dismissed and such dismissal constitutes a bar to any further prosecution on the charges contained in the accusatory instrument (CPL 730.40 [2]).
The Legislature has determined by the Criminal Procedure Law and the Mental Hygiene Law to provide separate procedural methods by which criminal defendants and mentally ill persons may be confined involuntarily. Each method provides an opportunity to test the propriety of a confinement, once it has been ordered, either by habeas corpus or by rehearing. The challenge to continued confinement is before a different *982 Judge under each method and the standard to permit retention is the same in each instance.
The petitioner came into the custody of the Commissioner of Mental Hygiene because of criminal charges against her. Such criminal charges form a rational basis to treat petitioner differently than civilly confined patients. This court finds that considering the different bases for involuntary confinement, that a method to challenge such confinement exists and that the standard upon challenge is identical. There is, therefore, no denial of equal protection of the law to the petitioner.
The respondent’s motion to dismiss the petition for rehearing for failure to state a cause of action is granted. All papers are returned to the respondent’s attorney for submission of an order directly to chambers without notice and without costs.